-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GEORGE MERCIER,

       Plaintiff,

   -v-                                           06-CV-6018CJS(P)
                                                  **ORDER**

THE UNITED STATES ATTORNEY –
at Buffalo,
THE UNITED STATES OF AMERICA
with:
The State of New York/Attorney
General – Interested Party,
The State of Utah/Attorney
General – Interested Party,
The State of Florida/ Attorney
General – Interested Party,
The State of Nevada/ Attorney
General – Interested Party,

       Defendants.

---

Plaintiff George Mercier has filed this *pro se* action (Docket No. 1) and has requested permission to proceed *in forma pauperis* (Docket No. 2). Plaintiff claims that the defendant, The United States Attorney at Buffalo, violated his constitutional rights. He states that his motive for filing this action is that:

> Some High Advisors of the Plaintiff, living in the mid-West have asked that matter be deadened as soon as possible in Court. As of Monday night, January 1st, 2006, they have assessed an additional sanction against Plaintiff, for his refusal to file this matter last Summer when it was encouraged to have been filed back then. His Advisors cited with fuzz [sic] 406 U.S. 1 from the Supreme Court, which is a uranium case, These High Advisors are rather attractive, and their refusal to back off is a serious matter.

(Docket No. 1, ¶ 8).

For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and plaintiff is directed to show why his future litigation should not be subject to a sanction restriction.

### DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief; *and see* <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989). Section 1915[e] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*

at 327.  The U.S. Supreme Court elaborated on this "power to pierce the veil of the complaint's factual allegations" a few years later:

> [T]he § 1915[e] frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts.  ... [A] court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional."  As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (quoting Neitzke, 490 U.S. at 327).

Here, the complaint is composed of the type of "fantastic," "delusional" and "incredible" allegations that warrant dismissal as factually frivolous.  Plaintiff perceives France's foreign policy to be threatening and writes articles advocating the bombing of Paris.  As a result, he claims, he has been subject to persecution in violation of his "Writer's Immunity" rights.[1]  He alleges that he has been subjected to investigations because he wrote to the President of France informing him that the City of Paris should be bombed in order to persuade France to divest itself of uranium.

Plaintiff has previously filed an action against the Republic of France (05-CV-6088), in which his allegations were found to be

---

[1] He cites to the First, Fifth, Ninth and Tenth Amendments of the United States Constitution.

3

factually frivolous.[2]  Moreover, the Court notes that plaintiff filed earlier cases – <u>Mercier v. Roberts</u>, 05-CV-6604CJS, <u>Mercier v. The Republic of France, et al.</u>, 05-CV-6088CJS, and <u>Mercier v. The State of New York, et al.</u>, 04-CV-6013CJS – that were dismissed for failure to state a claim on grounds similar to the issues raised by plaintiff's current pleading.

Essentially, plaintiff's instant complaint arises from plaintiff's perceived connection between his correspondence with the President of France and events he alleges have occurred at his homes – specifically thirty or forty alleged break-ins by the Brighton Police Department into plaintiff's homes.[3]  Plaintiff places responsibility for all of these events at the feet of the United States Attorney in Buffalo, who allegedly received the original complaints regarding plaintiff's correspondence with France. Plaintiff's conclusory allegations, based on his speculation, conjecture, paranoid fantasy and imaginings about the defendant and the world, simply do not provide any basis for a federal claim in this Court.  Accordingly, this action is hereby

---

[2]In the complaint in 05-CV-6088, plaintiff made several allegations regarding the international affairs of the United States and the Republic of France, gleaned in part from his interpretation of articles in the New York Times. He claimed that Jacques Chirac, following a history of similar acts plaintiff attributes to President Mitterrand and Charles de Gaulle, blew up the Space Shuttle *Columbia* over Texas in January 2003. Ultimately, plaintiff feared that France is operating a drilling rig underground in Ontario County, with the intent to harm plaintiff relatives by sneaking underneath their summer home and attacking them through the floor.

[3]Plaintiff's allegations are less than clear, but it appears that he is claiming the Brighton Town Police have broken into his homes in Brighton, Utah, and Nevada.

dismissed under 28 U.S.C. § 1915(e)(B)(i).  While the usual practice is to allow leave to replead a deficient complaint, *see* Fed.R.Civ.P. 15(a); *see also* Ronzani v. Sanofi, S.A., 899 F.2d 195, 198 (2d Cir. 1990), especially where a complaint has been submitted *pro se*, Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994), such leave may be denied where amendment would be futile.  Further pleading in this action would be futile.  Accordingly the action is dismissed with prejudice.

In addition, in light of plaintiff's numerous frivolous *pro se* filings, plaintiff is advised that Rule 11 of the Federal Rules of Civil Procedure permits a court to impose sanctions on a *pro se* litigant who violates Rule 11(b).[4]  *See* Jones v. City of Buffalo, 1998 WL 214807, *3, *4 (W.D.N.Y. April 22, 1998); *see also* Patterson v. Aiken, 841 F.2d 386, 387 (11th Cir. 1988) ("*pro se* filings do not serve as an 'impenetrable shield' [from the application of Fed.R.Civ.P. 11]") (internal citations omitted). Unless plaintiff responds to this Order and demonstrates why his litigation does not violate Rule 11 of the Federal Rules of Civil Procedure, the Court will impose a restriction on plaintiff's future filings.  *See* Fed. R. Civ. Pro. 11(c)(1)(B); *and see*

---

[4] In addition to the three aforementioned cases, plaintiff currently has two other cases pending in this district, including Mercier v. Heary Brothers Lightning Protection Co., 06-CV-0096, filed February 13, 2006; and Mercier v. Moehle, 06-CV-6161, filed on March 22, 2006.  Another case, Mercier v. Voelkl, 05-CV-6689 was dismissed on January 24, 2006.  In all, plaintiff has filed seven cases since January 2004, five of which (including the instant case) have been dismissed as frivolous, and two of which remain pending subject to the court's review.

5

<u>Perpetual Securities, Inc. v. Tang</u>, 290 F.3d 132, 141 n.2 (2d Cir. 2002). Plaintiff may have until **April 25, 2006** to file his response.

If plaintiff fails to respond by **April 25, 2006,** and/or fails to demonstrate that his litigation does not warrant sanction, the Court will impose the following sanction: that any additional actions filed by plaintiff in this Court will be subject to review and summary dismissal pursuant to this Order. Any future complaints may not be served without obtaining the prior approval of the Court.

**ORDER**

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the complaint is dismissed with prejudice;

FURTHER, that plaintiff is directed to respond to this Order on or before **April 25, 2006** and show cause why the sanction on his future filings – subjecting the pleadings to preliminary review and summary dismissal as outline above – is not warranted;

FURTHER, that if plaintiff fails to respond by **April 25, 2006** and/or fails to demonstrate that his litigation does not warrant sanction, the Clerk of the Court is directed to submit any further actions filed by George Mercier to the Pro Se Office for a determination as to whether the allegations in fact are warranted by existing law or by a nonfrivolous argument for the extension,

6

modification, or reversal of existing law or the establishment of new law and a recommendation to the Court whether the filed documents are sufficient to proceed in this court; and

FURTHER, that the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   March 22, 2006
         Rochester, New York